## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1207010738 |
| | ) | |
| JASON L. SLAUGHTER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION DENYING
### MOTION FOR REARGUMENT

Upon consideration of the Motion for Reargument (the "Motion") filed by Jason L. Slaughter on or about August 5, 2015; the State's Response to Motion for Reargument (the "Response") filed by the State of Delaware; the arguments made on the Motion and the Response on November 19, 2015; Superior Court Civil Rule 59(e) and Superior Court Criminal Rule 57(d); the entire record of this case; and, for the reasons set forth more fully below, the Motion is **DENIED**.

### INTRODUCTION

On March 31, 2015, Mr. Slaughter filed a motion to dismiss (the "Motion to Dismiss") the indictment in this criminal action. Mr. Slaughter argued that dismissal was appropriate because the State failed to timely extradite him from Georgia and try him in this criminal action in violation of the Interstate Agreement on Detainers (the "IAD"). The State opposed the Motion to Dismiss and filed a response in opposition on May 6, 2015.

The Court held a hearing (the "Hearing") on the Motion to Dismiss on July 30, 2015. The Court heard arguments from counsel for both Mr. Slaughter and the State at the Hearing. Through a detailed oral bench ruling issued at the conclusion of the Hearing, the Court denied the Motion to Dismiss. As set forth more fully in the bench ruling, the Court denied the Motion to Dismiss for two reasons: (a) Georgia had notified the State that the IAD did not apply in a

capital murder charge and that the State would need to obtain a Governor's Warrant to bring Mr. Slaughter to Delaware, and that Georgia notified the State of this prior to the expiration of the 180 day deadline under the IAD; and, (b) that while the State had received notice from Mr. Slaughter under the IAD, the Court, as it must, never received actual notice of Mr. Slaughter's request under the IAD. In coming to its decision, the Court reviewed and relied upon 11 *Del. C.* § 2542; *Fex v. Michigan*, 507 U.S. 43, 50 (1993); *State v. Davis*, 1993 WL 138993 (Del. Super. Apr. 7, 1993); *State v. Farrow*, 2005 WL 165992 (Del. Super. June 3, 2005). The Court also reviewed *Pittman v. State*, 301 A.2d 508 (Del. 1973) and *State v. Anthony*, 1995 WL 1918899 (Del. Super. Aug. 21, 1995). The Court declined to follow the reasoning in *Pittman* (even though it was a Delaware Supreme Court decision) because that decision had been superseded by a legislative change in the statute in 1981.[1]

### DISCUSSION

Motions for reargument in criminal actions are governed by Superior Court Civil Rule 59(e) and Superior Court Criminal Rule 57(d). The Court will only grant a motion for reargument when the Court "has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reargument is not an opportunity for a party to revisit arguments already decided or to present new arguments not previously raised.[3]

The Motion contends that this Court should reconsider its decision on the Motion to Dismiss based on the facts and holding in the *Anthony* case. At the Hearing, Mr. Slaughter claims he was unable, for various purported reasons, to fully present the decision and the

---

[1] *Farrow*, 2005 WL 165992, at *2 (noting that the House report on the pending legislative change cites Pittman as the reason for amending 11 *Del. C.* § 2542 to require actual notice to the prosecutor and the Court before a case can be dismissed).

[2] S*ee State v. Abel*, Case No. 1106003662, 2011 WL 5925284 (Nov. 28, 2011)

[3] *See State Farm Fire and Cas. Co. v. Middleby Corp.*, 2011 WL 2462661, at *2 (Del. Super. June 15, 2011).

underlying factual scenario present in *Anthony*. Now, Mr. Slaughter argues that this Court overlooked the controlling precedent of *Anthony* on the issue of notice under the IAD. As this Court failed to follow the ruling in *Anthony*, Mr. Slaughter contends that reargument is appropriate. The State opposes the Motion to Dismiss. In the Response, the State argues that *Anthony* is distinguishable and that the Court properly denied the Motion to Dismiss in the first instance.

The Court holds that the Motion fails to sets forth an adequate basis to show that the Court overlooked a controlling precedent or legal principles, or that the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision. *Anthony* is not a controlling precedent. *Anthony* is a decision by this Court and not by the Delaware Supreme Court or the United States Supreme Court. At best, *Anthony*, and the reasoning in *Anthony*, could be persuasive, but it is not binding. Moreover, the Court considered *Anthony* in the first instance with respect to the Motion to Dismiss. The Court notes that *Anthony* also relies on *Pittman* but fails to note that *Pittman* had been superseded by statute.

In addition, while *Anthony* may address the issue of notice under the IAD, the decision in *Anthony* does not involve a situation where actions taken under the IAD would be futile because the detaining state is requiring a Governor's warrant. So even if the Court were to readdress its decision on notice under the IAD using *Anthony*, the Court's alternative reason for denying the Motion to Dismiss would continue to stand as an independent basis for denying the Motion to Dismiss as nothing in the Motion addresses this alternative reason for denying that motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that, for the reasons stated above, the Motion is **DENIED**.

Dated: December 22, 2015
Wilmington, Delaware

/s/ *Eric M. Davis*

Eric M. Davis, Judge